UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Patrick Stone, | Civ. No. 20-669 (WMW/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andrew Davis; J. Matthew Linstroth; and Katz & Stefani, LLC, | |
| Defendants. | |

---

Plaintiff Patrick Stone and Defendant Andrew Davis are married but subject to divorce proceedings now occurring in New York and Illinois. (*See* Doc. No. 1, Compl. 4.) In the Illinois divorce proceedings, Stone has been enjoined from making disclosures about the case or about the parties' income and finances. (*Id*. at 6-7.) Stone challenges the legality of that injunction on First Amendment grounds and alleges that Davis and his attorneys in Illinois, Defendants J. Matthew Linstroth and Katz & Stefani, LLC, have engaged in harrassment during the course of the state-court proceedings.

This Court previously ordered Stone to show cause why this matter should not be transferred to the United States District Court for the Northern District of Illinois. (*See* Doc. No. 5.) As this Court explained in its prior order, a civil action generally may be brought only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). None of those provisions applies to the District of Minnesota in this matter. Each of the three Defendants is alleged in the Complaint to be a resident or citizen of a state other than Minnesota, and none of the events giving rise to Stone's claims took place in Minnesota. Finally, the explanation offered by Stone in his Complaint as to why this action was filed in this District—that it was the most convenient forum for him to litigate this action—was insufficient to establish the District of Minnesota as an appropriate venue under § 1391(b). Accordingly, Stone was ordered to show cause why this matter should not be transferred to the Northern District of Illinois.

Stone has since filed an "objection" to the order to show cause — not on the grounds that the Complaint as pleaded has properly been filed in the District of Minnesota, but because he intends to submit an amended complaint that includes defendants who reside in Minnesota and events that took place in Minnesota. (*See* Doc. No. 19 at 2.) Stone therefore requests that this matter not be transferred (or recommended for transfer) until after he has submitted his amended complaint. (*Id*. at 3.)

More than two months have passed since Stone filed this action and was put on notice by this Court that the District of Minnesota was not a proper venue for this litigation as pleaded. Stone could have filed an amended complaint at any time since then, and that amended complaint would have automatically become the operative

pleading in this matter, *see* Fed. R. Civ. P. 15(a)(1), but he still has not yet done so. As such, the situation remains the same as it did when this Court entered its order to show cause: Section 1391(b) does not establish this District as an appropriate venue for this action.

Further, the little information provided by Stone regarding his forthcoming amended complaint suggests that venue would remain improper in Minnesota. Stone attests that the defendants that he intends to add to this litigation are the attorneys and law firm representing Davis in this litigation. (*See* Doc. No. 20, Stone Decl. ¶ 30.) The presence of defendants residing in Minnesota, however, does not by itself render this District an appropriate venue. *See* 28 U.S.C. § 1391(b)(1). Moreover, Stone has offered no basis for this Court to conclude that he can bring non-frivolous claims for relief against the prospective defendants residing in Minnesota. Finally, the addition of Minnesota citizens as defendants to this action would destroy diversity of citizenship as a basis for subject-matter jurisdiction over this action.[1] *See* 28 U.S.C. § 1332(a).

Even if Stone did successfully plead a claim for relief establishing this District as an appropriate venue, this Court would nevertheless recommend transfer of this action pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

---

[1] Although Stone alleges that 28 U.S.C. § 1331 also provides a basis for jurisdiction, no claim for relief is raised in the Complaint under federal law, and this Court is skeptical that such a non-frivolous claim for relief can be pleaded against the Defendants under federal law. For example, Stone cannot seek relief against defendants under 42 U.S.C. § 1983 for putative constitutional violations, as none of the Defendants (actual or prospective) are state actors.

division where it might have been brought . . . ."). The claims in this action are intimately tied to the divorce proceedings ongoing in Illinois state court. Although Stone avers that this District is a more convenient forum than Illinois, he will be required to continue litigating in Illinois regardless of whether this action goes forward in Minnesota. By contrast, keeping this action in Minnesota will result in Davis and his attorneys being forced to litigate in yet another venue, and on the basis of claims that are only (at most) partially related to this District.

In any event, the District of Minnesota simply remains an inappropriate venue for this litigation as pleaded. Accordingly, it is recommended that this matter be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a). All pending motions may be left to the transferee court for evaluation in the first instance, including Stone's application to proceed *in forma pauperis*.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **TRANSFERRED** to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a).

Dated: May 12, 2020          *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).